UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAYLOR THEUNISSEN, M.D., LLC<br><br>      Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE GROUP, INC.,<br>JOHN AND JANE DOES 1-10 AND ABC<br>CORPORATIONS 1-10,<br><br>      Defendants. | Case No.: 3:18-cv-00606-JAM<br><br><br><br><br><br><br><br><br>AUGUST 8, 2018 |

## **MOTION TO DISMISS**

Defendant, UnitedHealth Group, Inc. s/h/a United Healthcare Group, Inc. ("UHG"), hereby moves the Court under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Counts One through Four and Six through Eight of Plaintiff's Amended Complaint. The grounds for this motion are as follows:

- UHG is not a proper party to this action because it did not and does not underwrite or administer any group benefit plan, including the plan at issue in the instant action.

- Plaintiff's Complaint fails to allege facts, which if proven, would support Plaintiff's First Court for Breach of Contract because it does not allege that a contract was formed, the terms of any purported contract, or any alleged breach.

- Plaintiff's Second Count for promissory estoppel fails to state a claim against UHG upon which relief can be granted because, among other things, Plaintiff has not alleged facts that, if proven, would show a "clear and definite" promise that UHG (or United) purportedly made or upon which Plaintiff thereafter reasonably relied.

- Plaintiff's Third Count for Account Stated fails because there is no plausible indication of an agreement between Plaintiff and UHG or United regarding any particular sum the parties agreed upon as due from UHG or United to Plaintiff for the services it rendered.

- Plaintiff's Fourth Count for fraudulent inducement fails to meet even the most basic pleading standards required by Rule 8(a) of the Federal Rules of Civil

      Procedure and it falls well short of meeting the heightened pleading standards required under Rule 9(b) for a fraud based cause of action.

- All of Plaintiff's state law counts are preempted by ERISA because the claims at issue in this case all "relate to" United's administration of an ERISA governed employee welfare benefit plan.

- Plaintiff only asserts that it has standing based on the assignment of benefits obtained from the Patient, it does not allege that the Patient assigned it any other rights under the plan and thus, Plaintiff has no right to pursue its Sixth Count (Breach of Fiduciary Duty and Co-fiduciary Duty), Seventh Count (Failure to Establish/Maintain Reasonable Claims Procedures), and Eighth Count (Failure to Establish a Summary Plan Description in Accordance with 29 U.S.C.A. § 1022).

- Plaintiff's Sixth Count for breach of fiduciary and co-fiduciary duty is merely a repackaged claim for benefits under ERISA § 502(a)(1)(B), and, as such, is improper.

- Plaintiff's Seventh Count for failure to establish/maintain reasonable claims procedure fails because there is no private right of action for a plan's purported failure to establish or maintain reasonable claims procedures.

- Plaintiff's Eighth Count for failure to establish a proper summary plan description is not properly asserted against United and/or UHG because neither United nor UHG are responsible for preparing or distributing a summary plan description.

      This Motion to Dismiss is supported by the Memorandum of Law in Support of UHG's Motion to Dismiss, supporting declarations, and exhibits; and upon such other evidence and argument as the Court may permit at any hearing of this matter.

Respectfully submitted,

DEFENDANT
UNITEDHEALTH GROUP, INC. S/H/A
UNITED HEALTHCARE GROUP, INC.

By: */s/ Kelly Frye Barnett*
Michael H. Bernstein (ct28178)
Kelly Frye Barnett (ct29817)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel: (860) 275-8200
Fax: (860) 275-8299
Email:mbernstein@rc.com;
kbarnett@rc.com

**Certificate of Service**

  I hereby certify that on August 8, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

               By: */s/ Kelly Frye Barnett*
                   Kelly Frye Barnett