UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAYLOR THEUNISSEN, M.D., LLC<br><br>                                    Plaintiff,<br><br>        v.<br><br>UNITED HEALTHCARE GROUP, INC., CHENIERE ENERGY, INC., JOHN AND JANE DOES 1-10 and ABC CORPORATIONS 1-10,<br><br>                                    Defendants. | Case No.: 3:18-cv-00606-JAM<br><br><br><br><br><br>OCTOBER 12, 2018 |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
<u>CHENIERE ENERGY, INC.'S MOTION TO DISMISS</u>**

      Defendant, Cheniere Energy, Inc. ("Cheniere") respectfully submits this reply to Plaintiff, Taylor Theunissen, M.D., LLC's opposition ("Opposition") to Cheniere's Motion pursuant to Fed. R. Civ. P. Rule 12(b)(6) to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.

      As set forth in Cheniere's opening brief, Cheniere has joined and adopted the Motion to Dismiss and supporting Memorandum Law of UnitedHealth Group, Inc. s/h/a United Healthcare Group, Inc. ("UHG") (Docket. Entry Nos. 18 and 19) as to Counts One through Four and Six through Eight of the Amended Complaint. Cheniere further adopts UHG's reply to Plaintiffs Opposition to its Motion to Dismiss. (Docket Entry No. 33).

      In addition to UHG's arguments, however, and as established in Cheniere's opening brief, Plaintiff's Amended Complaint should be dismissed in its entirety as against Cheniere on several additional grounds. First the Amended Complaint should be dismissed because Cheniere is an improper party. Plaintiff's Opposition grossly misstates the arguments advanced

by Cheniere on this point, while ignoring well-established law that plainly calls for the dismissal of this action as against Cheniere.

Second, the Plan at issue prohibits claimants from commencing a civil action with respect to a claim for benefits before administrative remedies have been exhausted and further contains a limitation of actions period of one year from the date the claimant exhausts his or her administrative remedies. Plaintiff's Opposition seemingly attempts to cure this fatal defect by improperly alleging facts not alleged in its Amended Complaint to establish that administrative remedies had been properly exhausted prior to the commencement of the instant suit. However, it is well-settled that in its review of a motion to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits thereto or incorporated by reference in the pleadings, and matters of which judicial notice may be taken. Thus, Plaintiff's attempt to cure the defects in its Amended Complaint via its Opposition to Cheniere's Motion to Dismiss is improper and must be rejected.

Finally, Plaintiff does not even attempt to address Cheniere's argument that its Summary Plan Description ("SPD") is clear and unambiguous and as such, complies with 29 U.S.C. § 1022. Indeed, Plaintiff improperly casts Cheniere's argument as a "conclusion of fact," but to the extent the Court even wishes to consider the issue (since Plaintiff has no standing to challenge Cheniere's SPD), it can and should find that the document facially unambiguous as a matter of law.

### III.  ARGUMENT

#### a.  Cheniere is Not a Proper Party to this Action

As established in its opening brief, Cheniere is not a proper party to this action because the Plan is fully insured and administered by UnitedHealthcare Insurance Company

("United").[1]   Plaintiff's Opposition grossly misstates the arguments advanced by both Defendants while ignoring well-established law that plainly calls for the dismissal of this action as against Cheniere.  Indeed, UGH's pleadings cannot, even with the most expansive reading, be construed as implying that Cheniere is the Plan's claim administrator, since the Plan clearly delegates that function to UnitedHealthcare Insurance Company.

Indeed, it is well settled in the Second Circuit that an employer is not a proper party if a claim administrator is designated.  *Crocco v. Xerox Corp.*, 137 F.3d 105, 107, 28 EBC 1137 (2d Cir. 1998) (disagreeing with First and Eleventh Circuit decisions holding employers responsible as de facto administrators and citing with approval a Tenth Circuit decision criticizing the holding that an employer could be a de facto administrator).  Moreover, "[a] claim for recovery of benefits under ERISA can be brought only against a covered plan, its administrators or its trustees."  *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 108 n.2 (2d Cir. 2008); *see also Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 509-10 (2d Cir. 2002) ("'In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable.'") (*quoting Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989)).

Plaintiff is prohibited from seeking from Cheniere any benefit payable under an insurance contract and as such, Plaintiff cannot maintain this lawsuit against Cheniere.  Accordingly, Plaintiff's Amended Complaint should be dismissed in its entirety as against Cheniere because it is not a proper party to this action.

> b. Count Five – Failure to Make All Payments Pursuant to Member's Plan Under 29 U.S.C. § 1132(a)(1)(B) – Should Be Dismissed Because Plaintiff's Suit is Untimely

---

[1] Cheniere's opening brief and supporting memorandum incorrectly state that UnitedHealth Group, Inc. is the Plan's claim administrator.  However, this is a typo.  The Plan's Claim administrator, as established by the Plan documents attached to the Declaration of Wayne Williams, is UnitedHealthcare Insurance Company.

As established in Cheniere's opening brief, the Plan prohibits claimants from commencing a civil action with respect to a claim for benefits before administrative remedies have been exhausted and further contains a limitation of actions period of one year from the date the claimant exhausts his or her administrative remedies.  Plaintiff's Complaint does not include any factual allegations to support any claim that administrative exhaustion has occurred.  Plaintiff's Opposition seemingly attempts to cure this fatal defect by improperly arguing facts not alleged in its Amended Complaint to establish that administrative remedies had been properly exhausted prior to the commencement of the instant suit.  That is not an appropriate way to address this deficiency.

It is well-settled that in its review of a motion to dismiss, the court may consider only "the facts alleged in the pleadings, documents attached as exhibits thereto or incorporated by reference in the pleadings, and matters of which judicial notice may be taken."  *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).  Thus, Plaintiff's attempt to cure the defects in its Amended Complaint by alleging additional facts in its Opposition that were not alleged in its Amended Complaint is improper and must be rejected.  *See DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 555 n.1 (S.D.N.Y. 2018) (holding that parties may not amend pleadings through statements in briefs); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (holding that "a party is not entitled to amend its complaint through statements made in motion papers") (citing *IIT v. Cornfeld*, 619 F.2d 909, 914, n6 (2d Cir. 1980).  Accordingly, Count Five should be dismissed.

> c. *Count Eight – Failure to Establish a Summary Plan Description in Accordance with 29 U.S.C.A. § 1022 – Should Be Dismissed because the Summary Plan Description at Issue is Clear and Unambiguous*

Finally, as outlined in UHG's Motion to Dismiss and supporting papers, Plaintiff does not have standing to assert a claim for failure to distribute an SPD and such a claim may only be asserted by the Patient. Even if Plaintiff did have standing—which it does not, the SPD at issue is clear and unambiguous and is in compliance with 29 U.S.C. § 1022. Plaintiff does not even attempt to address Cheniere's argument that the SPD at issue in the instant case is clear and unambiguous on its face. Instead, Plaintiff improperly casts Cheniere's argument as a "conclusion of fact." Contrary to Plaintiff's argument, this point asks the Court to reach a conclusion of law based on the clear terms of the SPD.

Specifically, the SPD establishes as a matter of law that Cheniere is an improper party as the Plan provides that the *patient* is responsible for paying directly to non-network providers any difference between the provider's billed amount and any amounts paid by United. Thus, any disputes arising from the matters alleged in Plaintiff's Amended Complaint may only be adjudicated as between the Patient and United and/or Plaintiff and the Patient. Accordingly, for this additional reason, Count Eight should be dismissed as against Cheniere.

## IV. CONCLUSION

For the reasons stated herein and in its opening brief as well as in UHG's Motion to Dismiss, supporting Memorandum Law and Reply in Further Support of its Memorandum of Law, Plaintiff's Amended Complaint should dismissed in its entirety with prejudice as against Cheniere.

-6-

      Respectfully submitted,

      DEFENDANT
      CHENIERE ENERGY, INC.

      By:    */s/Kelly Frye Barnett*
              Michael H. Bernstein (ct28178)
              Kelly Frye Barnett (ct29817)
              Robinson & Cole LLP
              280 Trumbull Street
              Hartford, CT 06103
              Tel:  (860) 275-8200
              Fax:  (860) 275-8299
              Email:mbernstein@rc.com;
              kbarnett@rc.com

-7-

**Certificate of Service**

      I hereby certify that on October 12, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      By:    */s/Kelly Frye Barnett*
               Kelly Frye Barnett