UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAYLOR THEUNISSEN, M.D., LLC <br><br> Plaintiff, <br><br> v. <br><br> UNITED HEALTHCARE GROUP, INC., CHENIERE ENERGY, INC., JOHN AND JANE DOES 1-10 and ABC CORPORATIONS 1-10, <br><br> Defendants. | Case No.: 3:18-cv-00606-JAM <br><br><br><br> OCTOBER 9, 2018 |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT
UNITEDHEALTH GROUP, INC.'S MOTION TO DISMISS**

Defendant, UnitedHealth Group, Inc. s/h/a United Healthcare Group, Inc. ("UHG") respectfully submits this reply to Plaintiff, Taylor Theunissen, M.D., LLC's opposition ("Opposition") to UHG's Motion pursuant to Fed. R. Civ. P. Rule 12(b)(6) to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.

First, as established in UHG's moving brief, Plaintiff's Amended Complaint incorrectly names UHG as the defendant rather than UnitedHealthcare Insurance Company ("United") which is the entity that administered all claims for benefits under the plan at issue in this case. For this reason alone, the Amended Complaint should be dismissed in its entirety as against UHG. Second, the plan at issue in this case was established by Cheniere Energy, Inc. ("Cheniere") for the benefit of its employees and as such, it is an employee welfare benefit plan governed under ERISA (hereinafter, the "Plan"). *See* ERISA § 3(1); 29 U.S.C. § 1002(1). Thus, Counts One through Four of the Amended Complaint—which all relate to the administration of claims for plan benefits—are preempted by ERISA. Third, even if Plaintiff had standing to bring its state law claims, Plaintiff still does not address its fatal failures to allege sufficient facts to

support any of its state law claims.  Finally, Counts six through eight are subject to dismissal because Plaintiff does not have legal standing to assert those Claims.  Even if it did have such standing, Counts Six through Eight would still be subject to dismissal because each fails to state a claim upon which relief can be granted.

### I.     ARGUMENT

#### A.     UHG is Not a Proper Party to this Action

As discussed in Defendant's Motion to Dismiss and supporting Memorandum of Law, UHG is not a proper party to this action because it is United's parent company and, as such, has never provided claims administration services and does not insure or administer any group benefit plan, including the Plan at issue in this action.  *See Borgert v. Ameriquest Mortg. Co.*, No. CV085003342S, 2009 Conn. Super. LEXIS 264, at *13 (Super. Ct. Jan. 15, 2009) (holding that the plaintiffs could not base the defendant's liability solely upon its status as the parent corporation of its subsidiary and "this basis alone is insufficient to establish a claim against the parent company").

Rather than addressing its failure to address this problem by requesting for leave to amend its Complaint to join the proper party, Plaintiff suggests that UHG is lying.  Plaintiff's Opposition completely misstates UHG's arguments regarding UHG being the improper party. As is established in UHG's opening brief and supporting declaration, the Plan at issue was administered by UnitedHealthcare Insurance Company, and this information is readily available for independent verification in the Certificate of Coverage filed as Exhibit 1 to the Declaration of Suzanne Mielke in support of UHG's Motion to Dismiss.  Docket Entry No. 12, Attachment 1. In light of this, Plaintiff's Amended Complaint should be dismissed in its entirety as against UHG.

### B. Plaintiff's State Law Causes of Action Fail as a Matter of Law

#### i. Count One – Breach of Contract

As UHG previously argued in its Motion to Dismiss and supporting Memorandum of Law, this Count must be dismissed because it does not allege facts that identify any offer by either party to the other; acceptance of that offer; the consideration exchanged pursuant to the agreement; or what constitutes performance of these purported contracts. The Amended Complaint does not allege that a contract was formed, that a "meeting of the minds" occurred, the terms of the parties' purported agreement, the specific consideration flowing to Plaintiff (i.e. the terms of UHG and/or United's payment obligations for each alleged surgical procedure), or that any consideration or benefit was provided to UHG.

Again, Plaintiff's entire argument rests on its allegation that UHG "authorized" Plaintiff to perform surgeries on the Patient. "Authorization" is a commonplace healthcare plan administration process that cannot reasonably be understood to create an independent contractual or quasi-contractual obligation. *Neurological Surgery v. Siemens Corp.*, 2017 U.S. Dist. LEXIS 206010, at *12 (E.D.N.Y. Dec. 12, 2017) (rejecting the plaintiff's contractual and quasi-contractual claims that "because the Defendant provided pre-authorization and pre-certification, there was a meeting of the minds, which constituted an implied in fact agreement"); *Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 287 (E.D.N.Y. 2014) (holding that such an authorization creates no new benefits or obligations). Likewise, UHG's alleged authorization cannot reasonably be understood to have created a contract or quasi-contract. Accordingly, Count One must be dismissed.

#### ii. Count Two – Promissory Estoppel

Plaintiff's Opposition does not identify any purported "clear and definite promise" again merely relies on United and/or UHG's "authorization" to pay some "fair and reasonable"

amount.  Further, Plaintiff's Opposition similarly not address what was allegedly promised, by whom, to whom, when the purported promise was made and for what consideration.  Further, while Plaintiff alleges that it provided medical services in reliance upon the purported "authorization," it has not identified the person or persons at UHG or United from whom it received these alleged "promises," and fails to provide the context for that interaction.  Again, "authorization" is a commonplace process by which a health insurer evaluates whether a member is covered under a particular policy and, in certain circumstances, whether the proposed treatment meets the applicable health plan or policy's "medical necessity" requirements.  Plaintiff cannot plausibly allege such an authorization constituted a clear and definite promise to pay any amounts beyond those due pursuant to the terms of the patient's health benefit Plan or that such an authorization induced Plaintiff to provide medical services to the Patient since Plaintiff cannot even identify the substance of the purported promise by UHG or United that allegedly induced it to act.  In light of the foregoing, Count Two must be dismissed.

        iii.     *Count Three – Account Stated*

With regard to Plaintiff's account stated cause of action, the Opposition merely restates the allegations of the Amended Complaint, which, as already addressed in Defendants' Motion to Dismiss and supporting Memorandum of Law, contain no factual allegations, which if proven, provide a plausible indication of an agreement between Plaintiff and UHG or United regarding any alleged particular sum agreed upon as due from UHG or United to Plaintiff.   Plaintiff's suggestion that just because it submitted a bill to UHG or United for a certain amount, that amount is due is absurd.  Moreover, any payment made by United was made pursuant to the terms of the Plan and not as a partial payment towards any sum agreed upon as due from United

or UHG. Accordingly, the Amended Complaint fails to allege facts sufficient to establish a cause of action for Account Stated and Count Three must be dismissed.

### iv.     Count Four – Fraudulent Inducement

With regard to Plaintiff's fraudulent inducement cause of action, Plaintiff's Opposition merely refers the Court to its Amended Complaint and restates the allegations contained therein. However, and as more fully discussed in Defendants' Motion to Dismiss and supporting Memorandum of Law, Plaintiff's Amended Complaint fails to plead facts that identify who at UHG or United made the representations, fails to narrow the time frame within which the purported representations were made, fails to allege where the representations were made, and fails to provide any information regarding what specific representations were made, other than alleging that UHG "authorized" Plaintiff to perform medical services upon the patient. No facts are alleged explaining how and in what context UHG provided such authorization or even what Plaintiff means by "authorized" with respect to any specific representations actually made by UHG (or United).

Such allegations are insufficient to adequately allege a fraudulent inducement claim and fail to meet the heightened pleading standards of Rule 9(b). Without knowing with specificity what fraudulent representation UHG (or United) purportedly made to Plaintiff, UHG cannot even begin to defend itself against this cause of action. Accordingly, Count Four must be dismissed.

## D.     Plaintiff's State Law Claims are Preempted by ERISA

In its Opposition, after engaging in eight pages of lengthy discussion concerning complete preemption under ERISA § 502(a), 29 U.S.C. § 1132(a), Plaintiff concedes that complete preemption is inapplicable here. Opposition at 8. UHG agrees. UHG's argument that Plaintiff's state law claims are preempted by ERISA is based on conflict or ordinary preemption under § 514(a), 29 U.S.C. § 1144(a).

Plaintiff's argument as to ordinary preemption is equally misplaced and inapplicable. Indeed, it appears that Plaintiff is arguing that preemption under § 514(a) is not grounds for removal to federal court. However, this case is pending before this court on the basis of diversity of citizenship[1] and thus, it is unclear why or how Plaintiff's jurisdictional argument has any application to this case. *See Boey Chau v. Hartford Life Ins. Co.*, 167 F. Supp. 3d 564, 570-71 (S.D.N.Y. 2016) (noting that "[c]omplete preemption can properly be described as a jurisdictional concept[, permitting] a state cause of action brought in state court to be recast as a federal claim for relief, making [its] removal [by the defendant] proper on the basis of federal question jurisdiction;" while conflict preemption relates to laws "that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an employee") (internal citations and quotations omitted).

As further explained in Defendants' Motion to Dismiss and supporting Memorandum of Law, ERISA's preemption clause, § 514(a) provides that " . . . the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan . . . ." (Emphasis added). In other words, state laws that interfere with the ERISA civil enforcement scheme, and in particular, state laws that provide alternate remedies to it are preempted by both ERISA § 514.

Here, all of Plaintiff's state law causes of action generally allege that Plaintiff is entitled to additional benefits payments from the Patient's ERISA governed health Plan equal to the full billed charges Plaintiff billed to the Patient for services it provided to the Patient. Because all four of Plaintiff's state law causes of action "relate to" United's administration of claims for benefits under the Patient's ERISA governed employee benefit Plan, they are preempted as

---

[1] *See* Amended Complaint at ¶¶ 6-13. Dkt. No. 14.

impermissible alternate enforcement mechanisms to ERISA's exclusive remedial scheme. ERISA § 514(a), 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). As Plaintiff rightly points out, "[a]ny ERISA plan involved in this matter existed as a contract between the Defendant and the Patient"—and not Plaintiff. *See* Opp. at 7. Again, Defendants agree. Because only "participants and beneficiaries" can bring a claim to enforce rights to benefits under an ERISA plan, Plaintiff does not have any right of action to pursue—i.e., it has no standing to bring a claim for benefits. *See* ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Rather, only the patient may bring such claims. Accordingly, all four of Plaintiff's state law causes of action should be dismissed in their entirety and with prejudice.

### E. Plaintiff Does Not Have Any Right of Action to Assert Counts Six through Eight

Counts Six through Eight of the Amended Complaint should also be dismissed because Plaintiff does not have legal standing to assert any cause of action for breach of fiduciary duty, violation of claims regulations, or failure to distribute a summary plan description that complies with applicable regulations in this lawsuit. Indeed, all of Plaintiff's causes of action are based on the Patient's (i.e. the Member's) rights to benefits under her ERISA governed employee welfare benefit plan. Significantly, none of the Plaintiff's causes of action are based any purported direct contract with UHG or United and, in fact, Plaintiff concedes that it does not have one. *See* Opposition at 7 ("Plaintiff is an out-of-network provider meaning that Plaintiff had no contractual relationship with Defendant."). Rather, Plaintiff alleges only that it "has received a valid assignment **of the Patient's benefits under the health benefit plan**." *See* Opposition at 20 (emphasis added). Plaintiff does not allege that the Patient assigned it any other rights under the plan.

It is well-settled that medical providers do not obtain all rights provided to beneficiaries under ERISA simply because they receive an assignment of benefits. *Rojas v. Cigna Health and Life Ins. Co.*, 793 F.3d 253, 258 (2d Cir. 2015) (holding that the "right to payment does not a beneficiary make"). Accordingly, Counts Six through Eight must be dismissed.

### F. Counts Six through Eight Fail as a Matter of Law

#### i. Count Six – Breach of Fiduciary and Co-Fiduciary Duty

As discussed above, Plaintiff does not have an assignment to pursue a claim for breach of fiduciary duty and thus, his Sixth Count should be dismissed. As set out more fully in UHG's Motion to Dismiss, it is well-settled that dismissal of the fiduciary duty cause of action is appropriate, where the alleged breach is a failure to pay benefits under an ERISA plan. *See e.g., Montebaso v. Xerox Corp. Retirement Income Guarantee Plan*, 117 F. Supp. 2d 147, 165-66 (D. Conn. 2000) ("Plaintiffs cannot simultaneously maintain a claim for benefits under § 502(a)(1)(B) and a claim for breach of fiduciary duty under § 502(a)(3) where, as here, the relief sought is substantively the same in both counts. Even though the plaintiffs have couched their claim for relief under § 502(a)(3) in equitable terms, they are ultimately seeking the same relief they seek in their § 502(a)(1)(B) claim--benefits under the Plans.")).

Plaintiff improperly relies on the holding in *Parente v. Bell Atl. Pennsylvania*, 2000 U.S. Dist. LEXIS 4851, (E.D. Pa. Apr. 17, 2000) in an attempt to avoid this rule. However, "the holding in *Parente* sets too high a bar under *Varity* [*v. Howe*, 516 U.S. 489 (1996)] and does not adequately account for the Supreme Court's admonition that where adequate relief is available under another ERISA section, equitable relief under § 502(a)(3) is inappropriate." *Neely v. Pension Tr. Fund of the Pension, Hospitalization & Benefit Plan of the Elec. Indus.*, 2003 U.S. Dist. LEXIS 12896, at *38-39 (E.D.N.Y. Jan. 16, 2003) (internal quotations omitted). As such, Plaintiff's reliance on *Parente* is misplaced.

Here, Plaintiff's breach of fiduciary and co-fiduciary duty cause of action is nothing more than a repackaged claim for benefits under § 502(a)(1)(B) and as such, Count Six fails as a matter of law and must be dismissed.

> ii. *Count Seven – Failure to Establish/Maintain Reasonable Claims Procedures Under 29 C.F.R. 2560.503-1*

With regard to Count Seven, it is well-settled, Plaintiff is not permitted to pursue a separate right of action for a plan's failure to establish or maintain reasonable claims procedures under 29 C.F.R. §2560.503-1(h)(3)(ii). *See Shah v. Horizon Blue Cross Blue Shield of N.J.*, 2016 U.S. Dist. LEXIS 113556, at *33 (D.N.J. Aug. 25, 2016) ("29 C.F.R. § 2560.503-1 does not give rise to a private right of action."); *Gill v. Bausch & Lomb Supplemental Ret. Income Plan*, 2009 U.S. Dist. LEXIS 129718, at *11 (W.D.N.Y. Sep. 25, 2009) (same). Thus, to the extent Plaintiff is attempting to assert a separate cause of action alleging violations of § 503 and 29 C.F.R. § 2560.503-1, that claim is not cognizable and must be dismissed.

> iii. *Count Eight – Failure to Establish a Summary Plan Description in Accordance with 29 U.S.C.A. § 1022*

Finally, as discussed in UHG's motion to dismiss, the case law is clear that "[ERISA] and the DOL regulations **place the burden on employers** to draft an SPD . . . ." and Plaintiff has cited no case law to the contrary. *Burke v. Kodak Ret. Income Plan*, 336 F.3d 103, 113 (2d Cir. 2003) (emphasis added); s*ee also Sheehan v. Metro. Life Ins. Co.*, 368 F. Supp. 2d 228, 260 (S.D.N.Y. 2005) ("ERISA requires **employers** to furnish employees with summary forms of benefit plans [. . . .]") (*citing Heidgerd v. Olin Corp.*, 906 F.2d 903, 907 (2d Cir. 1990), *citing* 29 U.S.C. § 1022) (emphasis added). Thus, to the extent Plaintiff is attempting to hold United and/or UHG liable for any purported failures in connection with the contents of the applicable summary plan description, such an attempt is misplaced and improper. Accordingly, Count Eight must be dismissed as against United and/or UHG.

## II.  CONCLUSION

For any and all of the foregoing reasons, UHG respectfully requests that the Court grant their Motion to Dismiss the Amended Complaint in its entirety.

          Respectfully submitted,

          DEFENDANT
          UNITEDHEALTH GROUP, INC. S/H/A
          UNITED HEALTHCARE GROUP, INC.

By:   */s/ Kelly Frye Barnett*
       Michael H. Bernstein (ct28178)
       Kelly Frye Barnett (ct29817)
       Robinson & Cole LLP
       280 Trumbull Street
       Hartford, CT 06103
       Tel:  (860) 275-8200
       Fax:  (860) 275-8299
       Email:mbernstein@rc.com;
       kbarnett@rc.com

**Certificate of Service**

I hereby certify that on October 9, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: */s/ Kelly Frye Barnett*
Kelly Frye Barnett