UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAYLOR THEUNISSEN, M.D., LLC<br><br>                              Plaintiff,<br><br>        v.<br><br>UNITED HEALTHCARE GROUP, INC.,<br>CHENIERE ENERGY, INC., JOHN<br>AND JANE DOES 1-10 and ABC<br>CORPORATIONS 1-10,<br><br>                              Defendants. | Case No.: 3:18-cv-00606-JAM<br><br><br><br><br><br><br>OCTOBER 31, 2018 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS**

Defendants, UnitedHealth Group, Inc. s/h/a United Healthcare Group, Inc. ("UHG") and Cheniere Energy, Inc. ("Cheniere") respectfully submit this Memorandum of Law in support of their Joint Supplemental Motion to Dismiss Counts Five through Eight of Plaintiff, Taylor Theunissen, M.D., LLC's Amended Complaint based on additional evidence discovered after the initial filing of UHG's Motion to Dismiss.  Specifically, the Master Cheniere Plan document contains an anti-assignment clause which, as will be discussed below, precludes Plaintiff from pursuing any cause of action against the Defendants as an assignee of benefits under the Cheniere Plan.  UHG did not have this document at the time it filed its original Motion to Dismiss and was therefore unaware of the anti-assignment clause at the time of its original motion.  The Master Plan Document also includes a one year limitation of action clause that renders Plaintiff's action untimely as against both Defendants.

Defendants respectfully request that the Court consider these additional grounds for dismissal, which were not apparent at the time the Defendants' initial motions to dismiss were filed.

## I.      ARGUMENT

### a.  Any Purported Assignment of Benefits is Null and Void

Plaintiff alleges that it received a valid assignment of its patient's benefits under the Plan. (Amended Complaint ¶¶ 9, 60).  Providers can gain standing to sue under ERISA by obtaining valid assignments from their patients of benefits available under their health plans, if the plans permit assignments.  *Prof'l Orthopaedic Assocs., PA v. 1199SEIU Nat'l Benefit Fund*, 697 F. App'x 39, 40 (2d Cir. 2017) ("To proceed in the shoes of a beneficiary, the assignee must show that there is a valid assignment that comports with the terms of the benefits plan.").  However, Plaintiff does not have a valid assignment of benefits in this case  because, the Master Plan Document here specifically provides that "[b]enfits under the Plan . . . cannot be assigned, sold, transferred, or encumbered, in whole or in part, either directly or by operation of law or otherwise, and any attempt to do so shall be null and void."  A true and accurate copy of the Cheniere Plan's Master Plan Document is attached to the Declaration of Wayne Williams, attached to Defendant, Cheniere Energy, Inc.'s Motion to Dismiss.  Docket Entry No. 25.  Thus, because the Plan contains an anti-assignment clause, Plaintiff is precluded from pursuing any of its ERISA claims (i.e. counts Five through Eight of the Amended Complaint).

Although Plan's Certificate of Coverage does permit UHG to *direct payment* directly to a provider with a subscriber's written authorization, it does not transfer the subscriber's legal rights under the plan.  *See* Docket Entry No. 12, Attachment 1 ("If a Subscriber provides written authorization to allow this, all or a portion of any Eligible Expenses due to a provider may be paid directly to the provider instead of being paid to the Subscriber.").  By contrast, a valid assignment of benefits irrevocably transfers to a provider the assigning patient's contractual legal right to the benefits assigned.  Assignments stand in sharp contrast to "direction of payment" clauses, which authorize the insurer to route the patient's benefit payment directly to the

provider, but which do not transfer the patient's legal rights under the plan. *MBody Minimally Invasive Surgery, P.C. v. United HealthCare Ins. Co.*, 2016 U.S. Dist. LEXIS 108598, at *21 n.10 (S.D.N.Y. Aug. 15, 2016) (noting that insurer "will not be found to have waived anti-assignment clauses by directly paying claims to [a provider] if the underlying plans expressly permitted such direct payments"); *see also MBody Minimally Invasive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 13 Civ. 6551 (TPG), 2014 U.S. Dist. LEXIS 114012, at *3 (S.D.N.Y. Aug. 15, 2014) ("Health insurance companies routinely make direct payments to healthcare providers without waiving anti-assignment provisions."); *Touro Infirmary v. Am. Mar. Officer*, No. 07-1441, 2007 WL 4181506, at *6 (E.D. La. Nov. 21, 2007) (distinguishing between an assignment of benefits and a "clause [that] simply authorizes direct payment to [the provider] and makes the patient responsible for any charges not paid by the patient's health plan.").

Here, the Master Plan Document clearly does not permit subscribers to assign their legal rights to Plan benefits to providers, but rather, at most permits a direction of payment. "District courts in this Circuit . . . have found that where plan language unambiguously prohibits assignment, an attempted assignment will be ineffectual. . . [and] . . . a healthcare provider who has attempted to obtain an assignment in contravention of a plan's terms is not entitled to recover under ERISA." *Merrick v. UnitedHealth Grp., Inc.*, 175 F. Supp. 3d 110, 119 (S.D.N.Y. 2016) (internal citations and quotations omitted); *see also Mbody Minimally Invasive Surgery, P.C.*, 2014 U.S. Dist. LEXIS 114012, at *3 (finding the anti-assignment provision, which stated that "any attempt to assign benefits or payments for benefits will be void" was unambiguous and thus, the plaintiffs' alleged assignments were invalid); *AvuTox, LLC v. Cigna Health & Life Ins. Co.*, No. 5:17-CV-250-BO, 2017 WL 6062257, at *3 (E.D.N.C. Dec. 7, 2017) ("In order for an assignment under ERISA to be valid, it must be express.  The language of the consent/insurance

release relied on by plaintiff as the assignment of benefits is more properly construed as a payment authorization. A payment authorization, without more, is not an assignment of benefits for purposes of ERISA.") (internal citation omitted); *Peterson v. UnitedHealth Group*, Civil No. 14-cv-02101-PJS-BRT, ECF No. 56 (D. Minn., Jan. 23, 2015) (dismissing provider-plaintiffs' ERISA claims because "the authorization signed by each patient of plaintiff . . . does not assign the patient's right to receive benefits . . . but merely gives defendants permission to pay the patient's benefits directly to [Plaintiff].").

Because the Plan expressly prohibits assignments of benefits, Counts Five through Eight must be dismissed.

### b.  Count Five Must be Dismissed Because Plaintiff's Suit is Untimely

The Master Plan Document also prohibits claimants from commencing a civil action with respect to a claim for benefits before administrative remedies have been exhausted and further contains a limitation of actions period of one year from the date the claimant exhausts his or her administrative remedies.   Specifically Article V, Section 5.5 of the Master Plan Document provides:

> A civil action under ERISA Section 502(a) may not be filed with respect to a claim for benefits under the Plan or a Component Plan until the claims and appeals procedures of Section 5.3 have been satisfied.  The civil action may not be brought after the date that is one year after the date that the final decision under Section 5.3(a)(iv), Section 5.3(b)(iv) or Section 5.3(c)(iv), as applicable, is made with respect to the claim.

(*See* Docket Entry No. 25-2).   Plaintiff's claims in this matter concern claims for services rendered on August 22 and November 30, 2016.  (Amended Complaint ¶ 30).  Plaintiff did not commence this action until April 9, 2018.  (Docket Entry No. 1).  Plaintiff has not alleged that it filed any appeals or that administrative exhaustion occurred.  Failure to exhaust administrative remedies is itself grounds for dismissal.  *See Kennedy v. Empire Blue Cross & Blue Shield*, 989

F.2d 588, 589 (2d Cir. 1993).  Regardless, the filing of this action in 2018 is not timely and thus, Plaintiff's count five should be dismissed against both Defendants on this ground as well.

## II.      CONCLUSION

For any and all of the reasons stated in the Defendants' Motions to Dismiss and for the supplemental reasons stated herein, Defendants respectfully request that the Court grant their Motion to Dismiss the Amended Complaint in its entirety.

Respectfully submitted,

DEFENDANTS
UNITEDHEALTH GROUP, INC. S/H/A
UNITED  HEALTHCARE  GROUP,  INC.  and
CHENIERE ENERGY, INC.

By:     _/s/Kelly Frye Barnett_____
         Michael H. Bernstein (ct28178)
         Kelly Frye Barnett (ct29817)
         Robinson & Cole LLP
         280 Trumbull Street
         Hartford, CT 06103
         Tel:  (860) 275-8200
         Fax:  (860) 275-8299
         Email:mbernstein@rc.com;
         kbarnett@rc.com

**<u>Certificate of Service</u>**

I hereby certify that on October 31, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By:    */s/Kelly Frye Barnett*
       Kelly Frye Barnett