**The Law Offices of**
# COHEN & HOWARD, L.L.P.

Matthew A. Cohen
Leslie S. Howard
Aaron A. Mitchell
Robin J. Mack
Nicholas F. Savio
Rosanne Palumbo

Jo-Ellen Levy
of Counsel

766 Shrewsbury Ave., Suite 200
Tinton Falls, NJ 07724
Telephone: 732-747-5202
Fax: 732-747-5259
www.cohenandhoward.com

November 2, 2018

*Via CM/ECF and Regular Mail*
Hon. Jeffrey A. Meyer, U.S.D.J.
United States District Court
District of Connecticut
Richard C. Lee United States Court House
141 Church Street
New Haven, CT 06510

**Re:   Taylor Theunissen, M.D., LLC v. United HealthCare Grp., Inc., et al, 3:18-cv-00606**
       **Defendants' Supplemental Motion to Dismiss**

Dear Judge Meyer,

Please accept this letter as Plaintiff's abridged response to Defendants, UnitedHealthcare Group, Inc. (hereinafter, "UHG") and Cheniere Energy, Inc. (hereinafter, "Cheniere"), attempt to file a "Supplemental Motion to Dismiss" in the above-referenced matter.

Defendants lack authority, in both the Federal Rules of Civil Procedure and Local Rules of Civil Procedure, to file a "Supplemental Motion to Dismiss," and same should, respectfully, not receive consideration from the court. The cavalier audacity of Defendants in filing a "Supplemental Motion to Dismiss" without first filing a motion for leave to do so and after all relevant issues related to dismissal have been briefed is illustrative of Defendants' attempts to delay the inevitable payment of Plaintiff's claims resulting in a further waste of judicial economy. As previously stated in Plaintiff's opposition to Defendants' initial motions to dismiss, Defendants' counsel is conflicted from representing both Defendants in this matter, as the parties have pleaded conflicting theories of liability which has resulted in Defendant Cheniere providing a certification that the insurance plan in this matter is "fully insured and administered by [Defendant UHG] as the plan's claim administrator; while Defendant UHG has provided a

certification that states "UHG is not a proper party to this action because it has never provided claims administration services and does not insure or administer any group benefit plan, including the Plan at issue in this action." (Dkt. No. 27 at 3-4).

Defendants are now co-moving to file an unauthorized supplemental motion which essentially sets forth that Defendants did not read the exhibits submitted in support of Defendant Cheniere's initial Motion to Dismiss prior to their submission. Again, these Defendants are both represented by the same attorneys – meaning that counsel, who filed the initial motions and is now attempting to file this supplemental motion on behalf of her clients, had access to all documents submitted by both Defendants in this matter. The evidence Defendants are attempting to rely upon in this supplemental motion existed prior to the filing of the supplemental motion, prior to the filing of the initial motions to dismiss, prior to the filing of the complaint, and prior to the underlying event giving rise to Plaintiff's injuries. This is not newly discovered evidence that was unavailable at the time of filing the initial motions to dismiss.

Furthermore, Defendants' supplemental motion shows that, inexplicably, there are two different and distinct insurance plans in operation. While it is Plaintiff's position that the court should not accept Defendants' supplemental motion; should the court permit the supplemental motion to proceed, Plaintiff requests the opportunity to further oppose the supplemental motion and/or to amend its Complaint to add additional counts against Defendants based on the inconsistent plan documents.

As such, it is Plaintiff's position that Defendants' supplemental motion should not be accepted for consideration and defense counsel should be disqualified from further representation in this matter. Should the court accept Defendants' motion, Plaintiff requests an opportunity to oppose the supplemental motion and/or to amend its Complaint.

Respectfully,

Aaron A. Mitchell, Esq.

cc: Michael H. Bernstein, Esq. (via CM/ECF)
Kelly Frye Barnett, Esq. (via CM/ECF)