The Law Offices of

# COHEN HOWARD, L.L.P.

Matthew A. Cohen
Leslie S. Howard
Aaron A. Mitchell
Robin J. Mack
Nicholas F. Savio
Rosanne Palumbo

Jo-Ellen Levy
of Counsel

766 Shrewsbury Ave., Suite 200
Tinton Falls, NJ 07724
Telephone: 732-747-5202
Fax: 732-747-5259
www.cohenandhoward.com

December 10, 2018

*Via CM/ECF and Regular Mail*
Hon. Jeffrey A. Meyer, U.S.D.J.
United States District Court
District of Connecticut
Richard C. Lee United States Court House
141 Church Street
New Haven, CT 06510

Re:   **Taylor Theunissen, M.D., LLC v. United HealthCare Grp., Inc., et al, 3:18-cv-00606**
      **Plaintiff's Opposition to Defendants' Supplemental Motion to Dismiss**

Dear Judge Meyer,

Please accept this letter brief as Plaintiff's opposition to the Supplemental Motion to Dismiss filed by Defendant UnitedHealthcare Group, Inc. (hereinafter, "Defendant UHG") and Defendant Cheniere Energy, Inc. (hereinafter, "Defendant Cheniere") (collectively, "Defendants), as ordered by Your Honor in the above-referenced matter.

Plaintiff's Complaint adequately sets out non-preempted state law causes of action against Defendants based upon the independent duty to pay Plaintiff the usual, customary, and reasonable rates created when Defendants authorized Plaintiff to perform the medically-necessary surgical procedures on August 22, 2016 and November 30, 2016.[1] Plaintiff has also brought valid and separate ERISA claims against Defendants as assignee of the Patient, JP.

---

[1] Plaintiff, for the purposes of this motion, accept the accuracy of the written authorizations produced by Defendants' counsel during oral argument. However, the court must note that these authorizations are reproductions of documents without any certifications attesting to who sent them, or when they were sent. It must also be noted that the second authorization is dated November 30, 2016 – the same day as Plaintiff performed the second medically-necessary surgery. In the event Defendants actually mailed the written authorization on the day, there was no possible way for it to reach Plaintiff prior to performing the medically-necessary surgery on Defendants' insured.

Defendants' argument that the assignment of the Patient's rights to Plaintiff is not valid based upon anti-assignment clause language found in the Cheniere Master Plan Document is without merit. Despite the existence of said language, the anti-assignment language contained in that Master Plan Document was waived by Defendants in a letter sent to Plaintiff dated May 19, 2017.[2] In that letter, Defendant UHG, acting as the agent for Defendant Cheniere, and responding to an appeal filed by Plaintiff, wrote to inform Plaintiff of its position that Plaintiff's claim was processed correctly and no further payment was due. Defendant UHG then stated, "If you don't agree with our decision, you may appeal on the member's behalf with their signed authorization." (Exhibit A). This is an explicit waiver of any anti-assignment clause language found in the Cheniere Master Plan Document. As the agent of Defendant Cheniere, Defendant UHG has the requisite authority to waive the provisions of that plan document, or alternativeyy, did so outside of the Plan, thereby defeating ERISA pre-emption.

Furthermore, the May 19, 2017 letter sent to Plaintiff admits that Plaintiff has valid state law claims against Defendants. The letter states "You may have more rights under state law." (Exhibit A). This acknowledgement of the existence of state law claims against Defendants based upon their failure to pay Plaintiff's usual, customary, and reasonable rates in accordance with the pre-authorizations given to Plaintiff is in direct contrast to Defendants' current position. However, the case law previously provided and this admission from Defendants demonstrate beyond all doubt that Plaintiff's state law causes of action for 1) Breach of Contract; 2) Promissory Estoppel; 3) Account Stated; and 4) Fraudulent Inducement are valid claims that are not pre-empted as they do no touch upon the national uniform administration of employee benefit plans. Plaintiff's previous oppositions to Defendants' motion have set out how these state law causes of action were properly pleaded to survive dismissal.

Plaintiff's filing of the ERISA claims in this matter complies with any alleged limitation found in the Master Plan Documents. Defendants made a final adverse decision against Plaintiff's right to the usual, customary, and reasonable rates for the services provided on May 19, 2017. Plaintiff's initial Complaint in this matter was filed on April 9, 2018. (Dkt. No. 1). Thus, the filing of the Complaint was well within any time limitations found in the Master Plan Documents.

Defendants' cannot use the alleged limitation of time to bring an action in the Master Plan Document to attempt to bar Plaintiff's claim for Breach of Fiduciary Duty and Co-Fiduciary Duty. Pursuant to 29 U.S.C. § 1113, an action for a fiduciary's breach must be commenced after the earlier of "(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had

---

[2] Defendants' letter to Plaintiff is attached to this letter brief as Exhibit A.

actual knowledge of the breach or violation." The time limit set forth by Congress must control, as it would be a conflict of interest for a fiduciary to limit the timeframe under which one could bring an action and then have that fiduciary breach its duties. See de Coninck v. Provident Life & Acc. Ins. Co., 747 F. Supp. 627, 633 (D. Kan. 1990) ("To the extent that this starting point for the limitations period differs from that which is extended to claimants under 29 U.S.C. § 1113, the limitations period defined by Congress in ERISA must control.").

This case is also distinct from Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101 (2d Cir. 2008), which was cited by Your Honor during oral argument. In Paneccasio, the plaintiff elected to participate in his company's deferred compensation plan; with the plan subject to termination at the company's election. Id. at 103. The plaintiff took an early retirement package which would have vested the deferred compensation plan at age 65. Ibid. Prior to the plaintiff's 65th birthday, the company terminated the deferred compensation plan and paid the plaintiff the compensation with six percent interest and terminated the life insurance benefit.

The plaintiff in Paneccasio brought suit alleging violations of the Age Discrimination in Employment Act ("ADEA") and ERISA, breach of contract, and related state statutory and common law claims. On a motion to dismiss the Complaint, the district court dismissed the state law claims, finding them to be preempted under ERISA as they related to the 1991 plan. Id. at 107.[3] The Second Circuit Court of Appeals affirmed the dismissal of the state law claims, finding that the "top hat plan" the plaintiff was enrolled in was not exempt from ERISA's administration and enforcement provisions. Id. at 113.

While the plaintiff in Paneccasio brought similar state law claims as Plaintiff has, in the instant matter, the plaintiff in Paneccasio was a member of the ERISA deferred compensation "top hat plan" and his claims are "premised on the termination of the 1991 Plan and resulting denial of benefits under that Plan; each makes explicit reference to the Plan; and each would require reference to the Plan in the calculation of any recovery." Id. at 114.

Here, Plaintiff has brought state law claims that are separate and distinct from the ERISA plan sponsored and administered by Defendants. It is undisputed that Plaintiff is an out-of-network provider and had no contract with Defendants until Defendants pre-authorized Plaintiff to operate on their insured. The state law causes of action alleged by Plaintiff are based in common law and do not add to a "multiplicity of regulation." See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 657 (1995). These common law causes of action contain essentially the same elements everywhere in the United States.

---

[3] For the purposes of this brief, the discussion will only focus around the state law claims in Paneccasio. The ERISA and ADEA claims have no bearing on the analysis of the Paneccasio for the purposes of the instant motion.

Hon. Jeffrey A. Meyer, U.S.D.J.
Taylor Theunissen, M.D., LLC v. United Health Grp., Inc., et al.
3:18-cv-00606
December 10, 2018
Page 4 of 4

      A finding that Plaintiff's state law causes of action, which were created outside of the ERISA plan as Plaintiff is not a member or beneficiary under that plan, would afford Defendants a much broader protection than Congress intended.[4] A finding of preemption would afford Defendants a sword to strike at the heart of any litigation they did not wish to be a party. For example, if Defendant UHG decides to open a new office and calls a contractor to renovate the space and then fails to pay the contractor the fair value for his work, the contractor would likely institute a lawsuit against Defendant UHG alleging very similar state law causes of action to the those set forth in Plaintiff's Complaint. A finding that Plaintiff's claim in the instant matter are preempted, even though Plaintiff is not a participant, member, or beneficiary to the Plan, would allow Defendant UHG to file a motion to dismiss against the hypothetical contractor alleging that the contractor's claims are preempted by ERISA; despite the conduct giving rise to the complaint being wholly independent of the ERISA Plan administered by Defendant UHG.

      Finally, Defendant Cheniere is not without fault in this matter. Defendant Cheniere is the sponsor of the Patient's employee benefit plan and insured and administered the group benefit plan.[5] The fact both of these Defendants are represented by the same counsel and have pleaded inconsistent facts designed to confuse and obfuscate should not be rewarded. These Defendants should be able to agree on the nature of their relationship and what services and relationship existed between each party or they should not be represented by the same counsel. The fact the Defendants in this matter cannot agree on who is responsible for the administration and sponsoring of the insurance plan at issue is reason enough to deny their motion as it is clear Plaintiff has sufficiently identified a wrongdoing and has placed Defendants in a position where they are pointing the finger at each other. Defendants have not corrected this finger-pointing in any of their papers, instead only making vauge references to a typographical error. If the typographical error was just a distinction between Defendant UHG and UnitedHelthcare Insurance Company – the issue raised in Plaintiff's initial opposition to Defendants' motions regarding the conflict of interest still persists as neither Defendant can agree on which party administerested the Plan.

      Plaintiff respectfully requests the court deny Defendants' Motions to Dismiss the Complaint.

                                               Respectfully,

                                               Aaron A. Mitchell, Esq.

cc:     Michael H. Bernstein, Esq. (via CM/ECF)
          Kelly Frye Barnett, Esq. (via CM/ECF)

---

[4] See Dkt. No. 26, pp. 5-8; Dkt. No. 27, pp. 5-8.
[5] See Dkt. No. 18 at p. 9 and Dkt. No. 19, Att. 1 at ¶; see also Dkt. No. 27 at 3-4.

EXHIBIT A

```
FSP8867    To: 12256598159   From: 17633673945   Date: 09/19/17   Time: 1:46 PM Page: 02
                             9/19/2017 3:46:59 PM   PAGE   2/002   Fax Server
```

UnitedHealthcare Insurance Company
RICHARDSON/SPRGFLD SRVC CNTR
P.O BOX 30555
SALT LAKE CITY, UT 84130-0555

**UnitedHealthcare**

May 19, 2017

TAYLOR B THEUNISSEN MD
5233 DIJON DR
BATON ROUGE LA 70808-4692

| Claim Information | |
|---|---|
| Patient: | |
| Patient Acct #: | 5758 1235 0 5 |
| Date of Service: | 11/30/2016 |
| Provider: | Taylor B. Theunissen, M.D. |
| Claim ID: | 973862197/EE/115291 |
| Claim #: | 6497781377 |
| Member: | |
| Member ID: | 973862197 |
| Group: | CHENIERE ENERGY, INC |
| Group #: | GA715639/A /001 |
| Letter ID: | RECON001 |

Dear Taylor B. Theunissen, M.D.,

We reviewed your request about the above claim for ▇▇▇▇▇▇. Based on our review, we determined that we processed this claim accurately. No further payment is due. We carefully reviewed the information you sent, but it did not change the original claim decision.

If you don't agree with our decision, you may appeal on the member's behalf with their signed authorization. You may have more rights under state law.

If you have questions about this letter, please call 1-877-842-3210.

Sincerely,
The UnitedHealthcare Team

Copy to Member: ▇▇▇▇▇▇