**Robinson+Cole**

MICHAEL H. BERNSTEIN

Chrysler East Building
666 Third Avenue, 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
mbernstein@rc.com
Direct (212) 451-2940

Also admitted in Connecticut
Pennsylvania and New Jersey

December 26, 2018

(*Via ECF*)
Hon. Jeffrey A. Meyer, U.S.D.J.
United States District Court
District of Connecticut
Richard C. Lee United States Court House
141 Church Street
New Haven, CT 06510

Re:  *Taylor Theunissen, M.D., LLC. v. United Healthcare Group, Inc. et al.,*
  Civil Action No.: 3:18-cv-00606

Dear Judge Meyer:

    Defendants UnitedHealth Group, Inc. s/h/a United Healthcare Group, Inc. ("UHG") and Cheniere Energy, Inc. ("Cheniere") respectfully submit this letter pursuant to Your Honor's Order dated December 6, 2018 (Doc. No. 45) and in response to Plaintiff's letter dated December 10, 2018 opposing Defendants' Supplemental Motion to Dismiss. (Docket Entry No. 41) (the "Supplemental Motion").

    I.    *Plaintiff's State Law Causes of Action Are Expressly Preempted By ERISA*

    The state law causes of action alleged in Plaintiff's Amended Complaint ("AC") for breach of contract, promissory estoppel, account stated and fraudulent inducement, which are all based on the preauthorizations[1] it received from Defendant United (AC ¶¶33-56) should be dismissed as a matter of law because the preauthorizations were reduced to writing and state that any benefit payment that will

---

[1] Although its Amended Complaint incorrectly names UHG as the defendant and Plaintiff's Amended Complaint should be dismissed on this ground alone (*See* Defendant UHG's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint ("UHG MOL") (Doc. No. 19) at p. 2, Fn 2, UnitedHealthcare Insurance Company ("United") is the entity that administered all claims for benefits under the Plan. (*See* Declaration of Wayne Williams ("Williams Dec.") dated August 31, 2018 at Ex. 1. p. 58, Ex. "2" p. 1 (Doc. Nos. 25-2 p. 58; 25-3 p.1)). Therefore, Defendants will refer to this entity as the one that administered the claims for benefits at issue throughout this letter.

1

**Robinson+Cole**

be made in connection with the treatment in issue will be subject to the terms of the Patient's health benefit plan (*i.e.* the Cheniere Energy, Inc. Welfare Benefit Plan (the "Plan")). The Plan is an employee welfare benefit plan that is governed by Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (as amended) ("ERISA"). True and correct copies of United's preauthorization letters were attached to the Defendants' letter to the Court dated December 12, 2018. (*See* Doc. Nos. 48 and 48-1). Plaintiff admits that United's purported independent agreement (*i.e.* the preauthorization) regarding the surgical services provided on August 22, 2016 was communicated to the Patient and the Plaintiff in writing. (AC ¶17). That letter dated July 12, 2016, does not support the Plaintiff's allegations. (*See* Doc. No. 48-1 pp. 1-2). Indeed, United's July 12, 2016 letter explicitly informed the Patient and the Plaintiff that its preapproval "*does not* guarantee payment" for the services rendered and any payment is subject to the terms of the Patient's Plan, United's reimbursement policies, correct coding, copayments, co-insurance and deductibles. (*See id.*)(emphasis added). This exact language was reiterated in United's preauthorization letter dated November 30, 2016 regarding the surgical services provided to the Patient on November 30, 2016. (*See* Doc. No. 48-1 pp. 3-4). Therefore, the only way to determine whether Plaintiff's claims were administered properly is to review the terms of the governing ERISA Plan, which actually requires the Patient to obtain preauthorization to avoid a penalty.[2] Accordingly, all of Plaintiff's state law claims are expressly preempted pursuant to ERISA §514(a); 29 U.S.C. §1144(a). *See Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011)(holding that a plan's preauthorization process does not create an independent legal duty because it is expressly required by the terms of the Plan itself and therefore, "is inextricably intertwined with the interpretation of plan coverage and benefits."); *Pirro v. Nat'l Grid*, 590 F. App'x 19, 22 (2d Cir. 2014); *Thompson v. Deutsche Bank Tr. Corp.*, 2014 U.S. Dist. LEXIS 19386, at *13 (S.D.N.Y. Feb. 14, 2014); *Glastein v. Horizon Blue Cross Blue Shield of Am.*, No. 17-cv-7983 (PGS)(TJB), 2018 U.S. Dist. LEXIS 135911, at *7-8 (D.N.J. Aug. 13, 2018); *Atl. Shore Surgical Assocs. v. Horizon Blue Cross Blue Shield*, Civil Action No. 17-cv-07534 (FLW) (DEA), 2018 U.S. Dist. LEXIS 90734, at *19 (D.N.J. May 31, 2018); *Advanced Orthopedics & Sports Med. Inst. v. Empire Blue Cross Blue Shield*, Civil Action No. 17-cv-08697 (FLW) (LHG), 2018 U.S. Dist. LEXIS 96814, at *13 (D.N.J. June 7, 2018). In *Glastein*, *supra.*, the court dismissed plaintiff's complaint (filed by the same Plaintiff's attorney in this case) that included allegations and causes of action similar, if not identical, to the Plaintiff's Amended Complaint in this case. Specifically, the Court held that because the written authorization at issue states that "'it is *not* a guarantee of payment [and] is subject to the terms' of the benefit plan," all of plaintiff's state law causes of action "obviously . . . relate to an employee benefit plan, and as such, each cause of action is expressly preempted by ERISA." *Id.* p. 7-8. The facts in this case are identical to those in *Glastein*. Here, Plaintiff admits that United authorized the services at issue by "written authorization" and pursuant to its terms, that authorization "does not guarantee payment" and states that "payment is based on . . . your plan benefit language." (Doc. No. 48-1 pp. 1, 3). Therefore, like in *Glastein*, all of Plaintiff's state law causes of action are expressly preempted by ERISA pursuant to ERISA §514(a); 29 U.S.C. §1144(a).

While Plaintiff agrees that the information in the preauthorization letters is accurate, it argues that "the court must note that these authorizations are reproductions of documents without any certifications attesting to who sent them, or when they are sent." (*See* Plaintiff's Letter in Opposition to Defendants' Supplemental Motion dated December 10, 2018 ("Pl. Opp.") p. 1, fn 1). To the extent

---

[2] *See* Williams Dec. at Exhibit "2" p. 20. (Doc. No. 25-3).

Robinson+Cole

Plaintiff is arguing that it did not receive the July 20, 2016 preauthorization letter prior to performing the services at issue, that argument is belied by its own allegation that it received "written preauthorization" from United prior to performing surgical services on the Patient on August 22, 2016. (AC ¶17). The Second Circuit has repeatedly made clear that allegations in a complaint are judicial admissions that bind a party "throughout the course of the proceeding." *See Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277 F. App'x 43, 45 (2d Cir. 2008); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003). To the extent Plaintiff argues that it did not receive the November 30, 2016 preauthorization letter before performing the services at issue, that argument does not diminish the probative value of the letter for several reasons. First, there is no dispute that the letter was drafted and sent out on November 30, 2016 and thus, accurately reflects United's position at the time of the preauthorization call (*i.e.* that the terms of the ERISA Plan govern whether the Patient's claim will be paid and the amount payable). At the very least, the preauthorization letter demonstrates that the parties *did not* have a meeting of the minds sufficient to form a contract nor was there a clear and definite promise, which is fatal to its state law claims in this matter. *L & R Realty v. Connecticut National Bank*, 53 Conn. App. 524, 534, Case 3:18-cv-00606-JAM Document 19 Filed 08/08/18 Page 10 of 25 -11- 35, *cert. denied*, 250 Conn. 901, 734 A.2d 984 (1999) ("To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . If the minds of the parties have not truly met, no enforceable contract exists. . . ."); *see also McKinstry v. Sheridan Woods Health Care Center*, Inc., 994 F.Sup.2d 259, 266 (D.Conn. 2014) (to state a claim for promissory estoppel, a plaintiff must allege facts to show the existence of a clear and definite promise which a promisor could have reasonably expected to induce reliance."). Second, Plaintiff's purported reliance on United's preauthorization as a promise to pay its full billed charges was unreasonable as a matter of law because there is no dispute that Plaintiff received United's July 30, 2016 preauthorization letter for the same Patient in which United clearly stated that the preauthorization *does not* guarantee payment and that payment is based on the terms of the governing ERISA Plan and United's payment policies. Therefore, Plaintiff's claim that it relied on United's general preauthorization as a guarantee of payment at its billed charges was unreasonable and insufficient to support a claim for promissory estoppel. *See Goetz v. Sherman*, Nos. CV156053034S, CV156049996S, 2017 Conn. Super. LEXIS 4835, at *11 (Super. Ct. Nov. 8, 2017)(Promissory estoppel requires reasonable reliance by the party to whom a statement is made).

Plaintiff's argument that United waived its right to argue that Plaintiff's claims are preempted by ERISA is entirely without merit. Plaintiff argues that, by sending a form letter to Plaintiff dated May 19, 2017 informing Plaintiff that it can appeal United's initial claim determination on behalf of the member and that it "may have more rights under state law," United admitted that Plaintiff "has valid state law claims against Defendant." (*See* Pl. Opp. p. 2 and at Ex. "A"). This argument fails for several reasons. First, Plaintiff does not reference the May 19, 2017 letter in its Amended Complaint nor does the Amended Complaint include allegations regarding the letter. It is well settled that in opposition to a motion to dismiss, Plaintiff cannot include documents not referenced in the Amended Complaint nor can it amend the Amended Complaint through arguments in opposition. *See Longo v. Ortiz*, 15-CV-7716, 2016 U.S. Dist. LEXIS 131558, 2016 WL 5376212, at *4 (S.D.N.Y. Sept. 26, 2016). Second, the statement regarding the *possibility* of rights under state law does not constitute an admission that Plaintiff has such rights or that it waived its right to argue that any claim is preempted by ERISA.

Plaintiff's discussion of *Paneccasio v. Unisource Worldwide,* Inc., 532 F.3d 101, 114 (2d Cir. 2008) is

3

**Robinson+Cole**

also completely wrong and in no way limits this ruling's precedential effect in this case. Plaintiff attempts to distinguish *Paneccasio* on irrelevant and immaterial points, but ignores its holding. (Pl. Opp. pp. 3-5). Specifically, Plaintiff argues that its state law claims in this case differ from those in *Paneccasio* because they are purportedly distinct from ERISA and do not specifically discuss its Patient's ERISA Plan. As discussed above, this is simply not true and contradicted by the clear terms of the preauthorization letters referenced in the Amended Complaint. (*See* Doc. No. 48 and 48-1). Plaintiff admittedly received these letters, which state that the preauthorization does not guarantee payment and that any payment is subject to the terms of the ERISA Plan and United's payment policies. Indeed, the ERISA Plan at issue explicitly requires preauthorization to avoid a penalty. (*See* Williams Dec. at Ex. "2" p. 20). Therefore, as in *Paneccasio*, Plaintiff's claims "relate to" the administration of an ERISA Plan and thus, are expressly preempted by ERISA. Plaintiff's argument that by not specifically referencing an ERISA Plan in its Amended Complaint it successfully avoids ERISA preemption is unsupported in the law. This is especially so here where, as discussed above, the claims undeniably relate to United's administration of an ERISA Plan.

Therefore, Plaintiff's state law causes of action are preempted by ERISA and should be dismissed as a matter of law.

II. *Plaintiff's ERISA Counts Are Barred by the Plan's Anti-Assignment Provision*

Plaintiff challenges the clear and unambiguous anti-assignment clause in the Master Plan Document (*see* Doc. No. 25-2 p. 42) by arguing that United waived this provision in its May 19, 2017 letter by informing Plaintiff that it "could *appeal* on the member's behalf with their signed authorization." (*See* Pl. Opp. p. 2). Plaintiff's argument is wrong on the facts and law for several reasons. First, as discussed above, Plaintiff cannot rely on documents that were not referenced or allegations not asserted in the Amended Complaint. Second, the May 19, 2017 letter permitting Plaintiff to file an appeal on behalf of the Patient does not constitute a waiver of the Plan's anti-assignment provision. "Waiver arises when a party has voluntarily or intentionally relinquished a known right." *Neurological Surgery, P.C. v. Travelers Co.*, 243 F. Supp. 3d 318, 330 (E.D.N.Y. 2017). However, "[m]ere silence regarding the anti-assignment provisions does not constitute a waiver of those provisions." *Neurological Surgery, P.C.*, 243 F. Supp. 3d at 330; *see also Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 585 (2d Cir. 2006). Here, the May 19, 2017 letter does not reference the Plan's anti-assignment provision and most certainly does not relinquish the Defendants' right to rely on the anti-assignment provision. Furthermore, the letter does not state that the Plaintiff's Patient can assign his/her rights to benefits under the Plan. Rather, it permits the Plaintiff to file an administrative appeal on the Patient's behalf (with a signed authorization) as an authorized representative. Despite Plaintiff's unsupported argument to the contrary, courts have consistently found that this sort of authorization does "not negate the anti-assignment provision or otherwise entitle Plaintiff to sue for recovery of benefits in federal court pursuant to ERISA." *Aerocare Med. Transp. Sys. v. IBEW Local 1249 Ins. Fund*, No. 5:18-CV-0090 (GTS/ATB), 2018 U.S. Dist. LEXIS 212596, at *24 (N.D.N.Y. Dec. 18, 2018); see also *MBody Minimally Invasive Surgery v. Empire Healthchoice HMO, Inc.*, 13-CV-6551, 2016 U.S. Dist. LEXIS 66149, 2016 WL 2939164, at *6 (S.D.N.Y. May 19, 2016).

III. *Plaintiff's Claims for Benefits Under ERISA §502(a)(1)(B) Should Be Dismissed under the Plan's Limitation of Actions Provision*

In response to Defendants' argument that Plaintiff's claim for benefits under ERISA

4

**Robinson+Cole**

§502(a)(1)(B) is barred by the Plan's limitation of actions provision (*See* United's MOL at pp. 4-5), Plaintiff argues that United's May 19, 2017 letter constitutes United's final adverse determination for both claims for services rendered and its time to start an action commenced on that date. (Pl. Opp. p. 2). This argument is without merit for several reasons. First, and as stated above, the May 19, 2017 letter was not referenced in, or attached to, the Amended Complaint and thus, cannot be reviewed by this Court in deciding Defendants' Motions to Dismiss. Second, this letter was not issued in response to an administrative appeal but rather, appears to be in response to a general inquiry regarding the status of United's determination on Plaintiff's claim for services rendered to its Patient on November 30, 2016. In the letter, United merely states that its initial determination was accurate and thus, the letter does not constitute a determination in and of itself. In fact, the letter advises the Plaintiff that if it wanted to challenge the initial determination, it could submit an administrative appeal, but Plaintiff did not do so and does not allege that it filed an appeal. Second, the May 19, 2017 letter only references claims for services rendered on November 30, 2016. (*See* Pl. Opp. at Ex. "A"). Therefore, even if this letter constituted a final determination on Plaintiff's claim for benefits, it only concerns the claim for treatment related to services rendered on November 30, 2016, not the claim for services rendered on August 22, 2016. (*Id.*). Therefore, Plaintiff provides no opposition to Defendants' argument that its claim for benefits under ERISA §502(a)(1)(B) related to services rendered on August 22, 2016 is barred by the Plan's limitations of actions provision.

Plaintiff also argues that its Sixth and Seventh Counts for breach of fiduciary duty and co-fiduciary duty are not barred by the Plan's limitation of actions provision. This argument is a complete non-sequitur as the Defendants did not argue that Plaintiff's Sixth, Seventh and Eighth Counts were barred on this ground. Instead, Defendants argued that (among other things) Plaintiff does not have a right of action under ERISA to bring these counts because the limited assignment of benefits obtained from the Patient does not assign the Patient's right to assert these claims. *See Rojas v. Cigna Health and Life Ins. Co.,* 793 F.3d 253 (2d Cir. 2015); *see also* UHG MOL pp. 19-23 and Defendant Cheniere's Memorandum of Law in Support of its Motion to Dismiss (Doc. No. 25).

### IV. *Defendant Cheniere is Not a Proper Party to this Action*

Despite the fact that the healthcare benefits under the Plan are fully-insured and administered by United, and that all the communications Plaintiff alleged took place were between United and Plaintiff's office staff, Plaintiff still, without any support, continues to pursue this action against Defendant Cheniere based solely on Plaintiff's counsel's conclusory statement that Cheniere "is not without fault in this matter." Plaintiff's arguments are not well taken and are not supported by the limited factual allegations of the Amended Complaint. Despite Plaintiff's purported "confusion," and as set forth in the Defendants' previous filings, the Plan at issue was funded and administered by United and Cheniere was not involved (at all) in claim administration or payment. (*See* Certificate of Coverage filed as Ex. 2 to the Williams' Dec. (Doc. No. 25-3).

Based on the foregoing and upon all the arguments advanced in the Defendants' previously filed motions and supplemental motion to dismiss, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint in its entirety and with prejudice.

Respectfully submitted,

Michael H. Bernstein

**Robinson+Cole**

Respectfully submitted,

Michael H. Bernstein