# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAYLOR THEUNISSEN, M.D., LLC,<br>  *Plaintiff*,<br><br>  v.<br><br>UNITED HEALTHCARE GROUP, INC. *et al.*,<br>  *Defendants*. | No. 3:18-cv-00606 (JAM) |

## ORDER GRANTING MOTIONS TO DISMISS

It is a common practice for doctors and other medical providers to seek authorization from a patient's insurance company before agreeing to provide expensive medical care. As often as not, the provider calls the insurance company and receives what it understands to be a pre-authorization. But sometimes the insurance company ends up deciding not to pay for what the provider thought was pre-authorized. So the question becomes whether the medical provider may recover in court against the insurance company.

That's essentially the question now before me in this case.[1] The plaintiff is a medical provider who alleges that defendants failed to pay for surgeries despite issuing a written pre-authorization to perform the surgeries. Defendants now move to dismiss on grounds that the pre-authorizations are not enforceable. I agree on the facts of the present record and will therefore dismiss the complaint.

### BACKGROUND

The following facts as alleged by the plaintiff are accepted as true for purposes of ruling on defendants' motions to dismiss. The plaintiff—Taylor Theunissen, M.D., LLC—is a limited

---

[1] The question is also presented in a similar case before me for which I am issuing today a separate ruling on the defendants' motion to dismiss. *See Aesthetic and Reconstructive Breast Center (ARBC) v. United HealthCare Group, Inc.*, 18cv608 (D. Conn. 2019) (Order Granting in Part and Denying in Part Motion to Dismiss).

1

liability company based in Louisiana. Dr. Theunissen performed medically necessary breast surgery on a patient in August 2016 and then again in November 2016. The patient was an employee of defendant Cheniere Energy Inc. (Cheniere), a company based in Texas. The patient was covered under an employer-sponsored health care plan that was allegedly administered by defendant United Healthcare Group, Inc. (UHG) which is based in Connecticut.[2] The plan and certificate of coverage are part of the record in this case. Docs. #25-2 and #25-3.

According to Theunissen, before performing both surgeries, Theunissen contacted UHG and allegedly received written pre-authorizations to perform the surgery. Theunissen billed UHG a total of $257,000 for both surgeries but UHG only paid $2,392.38.

Theunissen was an out-of-network provider. According to Theunissen, however, UHG was aware that Theunissen was an out-of-network provider but never disclosed that it did not intend to pay for Theunissen's services at the time of authorization. Instead, UHG allegedly induced Theunissen to provide the surgery services while knowing that it would deny full payment.

Following oral argument on the pending motions, I requested that the parties submit the alleged written pre-authorizations, and they have done so. Doc. #48-1. These two documents take the form of letters addressed to the patient from United HealthCare Services, Inc., on behalf of UnitedHealthcare Insurance Company, with a "cc" copy to Theunissen. *Id.* at 1, 3. They list anticipated outpatient surgery procedures by specific billing code and then state in relevant part that "[b]ased on the information submitted to us for review and your current health benefit plan, we found that the health care service(s) below are eligible for Outpatient Facility coverage." *Id.* at 1, 3. The letters go on to state that "[p]ayment is based on information in the submitted claim,

---

[2] Although the complaint also names numerous "Jane Doe" and "ABC Corporation" defendants, I will dismiss any claims against such defendants for lack of any factual allegations about them.

the actual health care services you received, and your plan benefit language and eligibility when the services are provided." *Id.* at 1, 4. The letters further state that "[t]he information in this letter does not guarantee payment or represent a treatment decision," and that "[t]his approval does not guarantee that the plan will pay for the service(s)." *Ibid.*

Theunissen has filed this federal diversity lawsuit against UHG and Cheniere alleging the following state law causes of action: breach of contract (Count 1), promissory estoppel (Count 2), account stated (Count 3), and fraudulent inducement (Count 4). Theunissen also alleges federal causes of action under the Employee Retirement Income Security Act of 1974 (ERISA), including failure to make payments as required by federal ERISA law (Count 5), breach of fiduciary duty under ERISA (Count 6), failure to establish and maintain reasonable claims procedures as required by ERISA (Count 7), and failure to establish a summary plan description as required under ERISA (Count 8). Defendants UHG and Cheniere move to dismiss. Docs. #18, #24, #41.

## DISCUSSION

The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because the focus must be on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to

3

determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a plausible claim for relief.

### *Claims against Cheniere*

The amended complaint alleges that Cheniere was the patient's employer but does not allege actions taken by Cheniere to agree to or induce Theunissen to perform surgery for the patient. In the absence of any allegations that Cheniere had any dealings with Theunissen, I will grant Cheniere's motion to dismiss as to all of Theunissen's state law claims.

As to the ERISA claims, however, the plan document as submitted by defendants reflects that Cheniere was not only the employer but also the plan sponsor and the plan administrator and that benefits under the plan were provided under a group insurance contract between Cheniere and United with United as a co-administrator. Doc. #25-3 at 184 (designating Cheniere as "Plan Sponsor" and "Plan Administrator" and further providing that "[y]our employer and UnitedHealthcare share responsibility for administering the plan"). Accordingly, because Cheniere is designated by the plan as at least a co-administrator, Cheniere is properly subject to suit under ERISA. *See Crocco v. Xerox Corp.*, 137 F.3d 105, 107 (2d Cir. 1998).

### *Claims against UHG*

UHG argues that Theunissen has sued the wrong corporate party, because UHG is merely the parent company of UnitedHealthcare Insurance Company (United), the company that administers (or co-administers) the plan.[3] It is apparent from the submitted plan documents that it is UnitedHealthcare Insurance Company that is identified as the insurance company responsible for processing benefits under the plan and as a co-administrator of the plan. Doc.

---

[3] Indeed, UHG has submitted an affidavit attesting that "there is no entity known as United Healthcare Group, Inc." but that there is an entity known as "UnitedHealth Group Incorporated" that is "the corporate parent of UnitedHealthcare Insurance Company." Doc. #19-1 at 4-5.

#25-3 at 1 (certificate of plan coverage as "Offered and Underwritten by UnitedHealthcare Insurance Company"); *id.* at 183 ("Your employer and UnitedHealthcare share responsibility for administering the plan."). Because the plan is referenced in the complaint, it is proper for the Court to consider the plan document that UHG has submitted. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). Other than Theunissen's strained effort to manufacture a fact dispute on the basis of a typographical error in one of UHG's court submissions, there is no genuine fact issue to suggest that UHG—rather than United—was the plan's co-administrator.

As merely the parent company of United, UHG is not properly subject to suit for the non-payment of any benefits under the patient's plan. "[T]he law treats corporations as having an existence separate and distinct from that of their shareholders and consequently, will not impose liability upon corporations for the acts of their shareholders." *Scarfo v. Snow*, 168 Conn. App. 482, 500 (2016).

Accordingly, I will dismiss all of Theunissen's claims against UHG. Nevertheless, because it is not subject to genuine dispute that United was a co-administrator of the plan and that Theunissen could file a proper amended complaint against United, I will for reasons of judicial economy consider Theunissen's claims as they could be asserted against United as a co-administrator of the plan.

### *State law claims*

United argues that all of the state law claims are inadequately pleaded and also preempted by ERISA. By separate ruling that I have issued today in a case involving UHG as a defendant and essentially identical state law claims for relief by another plastic surgery provider from Louisiana (and also involving all the same counsel), I have dismissed the provider's state law claims for breach of contract, account stated, and fraudulent inducement. *See ARBC v. United*

*HealthCare Group, Inc.*, 18cv608 (D. Conn. 2019). My ruling concluded that the breach of contract and account stated claims were preempted by ERISA and that the fraudulent inducement claim was not pleaded with particularity as required under Fed. R. Civ. P. 9(b). For these same reasons, I will likewise dismiss Theunissen's claims for breach of contract, account stated, and fraudulent inducement.

My ruling in *ARBC*, however, allowed the promissory estoppel claim to proceed against UHG, concluding that this claim was not subject to ERISA preemption and that it was adequately pleaded in the complaint. But there is a key difference between this case and *ARBC* with respect to the promissory estoppel claim. The complaint in this case alleges that the pre-authorization was in writing, and the parties have followed up by submitting the written authorizations referenced in the complaint as part of the record.

A plaintiff claiming promissory estoppel under Connecticut law must prove (1) that the defendant did or said something intended to induce another party to believe that certain facts existed and to act on that belief, (2) that the plaintiff changed its position based on those facts, and (3) that doing so incurred some injury. *See McKinstry v. Sheriden Woods Health Care Ctr., Inc.*, 994 F. Supp. 2d 259, 266 (D. Conn. 2014). To establish the first element, the plaintiff must "allege facts to show 'the existence of a clear and definite promise which a promisor could have reasonably expected to induce reliance.'" *Ibid.* (citing *Daimlerchrysler Ins. Co., LLC v. Pambianchi*, 762 F. Supp. 2d 410, 426 (D. Conn. 2011)).

The wording of the alleged pre-authorizations letters makes clear that there is no basis for a claim of promissory estoppel, because they do not contain a clear and definite promise to pay benefits. To the contrary, these letters instruct that payment shall be governed by the terms of the

6

plan and disclaim any guarantee of payment. Doc. #48-1 at 1, 3-4. Accordingly, I will dismiss Theunissen's promissory estoppel claim.

*ERISA claims*

United argues that Theunissen is barred by an anti-assignment clause of the ERISA plan from pursuing an action for benefits that are due to the patient under the ERISA plan. The patient has not joined as a co-plaintiff in this action, and there is no dispute that the patient's ERISA plan contains an anti-assignment clause that prevents the patient from assigning her claim for benefits to a third party such as Theunissen. Doc. #25-2 at 43 ("Benefits under the Plan or Component Plan cannot be assigned, sold, transferred, or encumbered, in whole or in part, either directly or by operation of law or otherwise, and any attempt to do so shall be null and void.").

ERISA allows only two categories of persons—plan participants and plan beneficiaries—to file suit for ERISA benefits. *See Prof'l Orthopaedic Assocs., PA v. 1199SEIU Nat'l Benefit Fund*, 697 F. App'x 39, 40 (2d Cir. 2017) (citing *Rojas v. Cigna Health & Life Ins. Co.*, 793 F.3d 253, 256 (2d Cir. 2015)). ERISA defines a plan "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . . , or whose beneficiaries may be eligible to receive such benefit." *Ibid.* (quoting 29 U.S.C. § 1002(7)). ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Ibid.* (quoting 29 U.S.C. § 1002(8)). "The definition of beneficiary as it is used in ERISA, does not without more encompass healthcare providers." *Ibid*.

Although a patient may attempt to assign to a health care provider her right to pursue a claim for benefits, such an assignment is not valid if the ERISA plan itself bars the patient from

7

doing so. "To proceed in the shoes of a beneficiary, the assignee must show that there is a valid assignment that comports with the terms of the benefits plan." *Ibid.* Thus, as other courts have concluded, "where a plan unambiguously prohibits assignment, an attempted assignment will be ineffectual . . . [and] . . . a healthcare provider who has attempted to obtain an assignment in contravention of a plan's terms is not entitled to recover under ERISA." *Shuriz Hishmeh M.D. Empire Healthchoice HMO, Inc.*, 2017 WL 663543, at *4 (E.D.N.Y. 2017) (quoting *Merrick v. UnitedHealth Grp., Inc.*, 175 F. Supp. 3d 110, 119, 120 (S.D.N.Y. 2016)); *see also Med. Soc'y of N.Y. v. UnitedHealth Grp. Inc.*, 2017 WL 4023350, at *6 (S.D.N.Y. 2017) (same).

I do not agree with Theunissen that United has waived the anti-assignment provision of the plan. The document cited by Theunissen as the basis for waiver makes no reference to the anti-assignment provision of the plan.

Accordingly, I conclude that the anti-assignment clause of the patient's ERISA plan bars Theunissen from pursuing any of the ERISA causes of actions alleged in the amended complaint. In light of this conclusion, I need not consider any of United's alternative arguments for dismissal.

CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss (Docs. #18, #24, and #41). The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 12th day of March 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge